No. 24,472.

## THE LIBERAL COAL & MINING COMPANY, *Appellee*, v. THE McALESTER FUEL COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. ACTION ON COAL CONTRACT—*Departure in Pleadings—Controversy Tried Out—No Prejudicial Error.* Where the matter in controversy between the parties has been tried out the question whether there was a departure in the pleadings becomes immaterial on appeal unless substantial prejudice is shown to have resulted.

2. SAME—*False Representations.* In negotiations for a contract, by which one party is to market the entire output of a coal mine operated by the other, false representations by the former overstating his existing facilities for selling the coal may constitute such fraud as to vitiate the contract.

3. SAME—*Instruction to Prove Fraud—Evidence Should "Just Barely Preponderate."* In the circumstances here presented, fraud on the part of the defendant being one of the matters in issue, a general instruction that the plaintiff should recover if there was a preponderance of evidence in his favor, although coupled with a statement that the preponderance need only "just barely preponderate," is held not to have constituted reversible error, no specific instruction having been asked concerning the degree of proof required to establish fraud and the matter in controversy appearing to have been fairly determined on conflicting evidence.

4. SAME. Other rulings complained of are held not to require a reversal.

Appeal from Crawford district court, division No. 2; GEORGE F. BEEZLEY, judge. Opinion filed November 10, 1923. Affirmed.

*C. S. Denison,* and *E. V. Bruce,* both of Pittsburg, for the appellant.
*Arthur Fuller,* and *J. P. Curran,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

MASON, J.: The plaintiff, a coal mine operator, sued the defendant, a coal selling company, for coal furnished it and obtained a judgment from which this appeal is taken.

The petition was in the form of an account for the coal as goods sold and delivered. The answer alleged that the coal was delivered under a written contract for the handling of the plaintiff's entire output, which the plaintiff had violated by refusing to fill further orders, because of which breach the defendant asked damages. The reply admitted the execution of the contract but set out that it had been procured by fraudulent representations of the defendant concerning its ability to handle the coal, and that it had been subsequently annulled by agreement of the parties.

Coal & Mining Co. v. Fuel Co.

1. The defendant under various assignments of error contends that the plaintiff's remedy was not upon the common counts but upon the contract, that the reply constituted a departure, and that the allegations of fraud and annulment by mutual consent were inconsistent with each other. It might have been more in accordance with the spirit of the code if the petition had contained a full statement of the facts out of which the claim arose, but as the pleadings were finally made up the contentions of the respective parties were fully disclosed and the issues were tried out before a jury. Even if any rules of pleading were violated—which we do not determine— we see no reason for setting aside the judgment on that account, since it does not appear that the defendant was thereby hampered in any way in the presentation of his case. Nor do we perceive any inconsistency between the contract having been obtained by fraud and having been afterward abandoned or canceled by mutual consent. Under the instructions the verdict for the plaintiff necessarily shows that the jury believed either that the contract was fraudulently obtained or that it was annulled or abandoned by agreement or acquiescence of the parties. In either case the plaintiff was entitled to pay for the coal, and the form of the action is not vitally important.

2. The defendant further asserts that the representations alleged to have been falsely made in its behalf to procure the contract were not actionable—that they were mere promises for the future or permissible "puffing terms." The evidence was sufficient to sustain a finding that the facilities it already had for marketing the coal output were overstated, and this was a representation of fact which may have been a material inducement to the contract.

3. The jury were told in effect that the plaintiff was required to establish his claims by a preponderance of the evidence. In defining preponderance of evidence in a separate instruction this language was used: "This preponderance, however, need not be great. It is sufficient if it just barely preponderates." The defendant urges that upon the issue of fraud the burden was upon the plaintiff to make out his case by clear and satisfactory proof, and that in view of the quoted clause minimizing the degree of proof required reversible error was committed in this connection, under the authority of *Bank v. Reid,* 86 Kan. 245, 120 Pac. 339. The giving of the ordinary instruction that the verdict is to be returned in accordance with the preponderance of the evidence has been held not to be error

although the issue is one of fraud, and even the addition of a minimizing phrase does not always require a reversal. (*Hewey v. Fouts*, 91 Kan. 680, 139 Pac. 407.) Here the defendant asked no instruction concerning the degree of proof required upon an issue of fraud, and in this important respect the situation is different from that presented in *Bank v. Reid*. There was a direct conflict of evidence upon the vital points in controversy, and the result depended upon which set of witnesses the jury believed. They were told that they had the right to weigh every portion of the testimony of every witness, and to give to each portion just such consideration as it was entitled to, considering all the facts and circumstances of the case. The probability of the verdict having been influenced by the omission to include in the charge a special rule as to the burden of proof with respect to fraud is not strong enough to require a reversal on that account.

4. The jury were told that if they found the contract had been procured by the fraud alleged the verdict should be for the plaintiff. The defendant suggests that this was defective in not also requiring a finding that the cause of action had been proved. It was admitted that the coal was furnished, and the defendant's brief contains no specific attack on the amount allowed for it.

Error is charged in submitting the question of the cancellation of the contract by mutual agreement, the defendant asserting that there was no evidence that its employees who were claimed to have given consent on its part had authority to bind it or that they had undertaken to do so. These employees were a division sales agent of the defendant at Kansas City, who executed the contract on its behalf, and a coal salesman for it at Pittsburg, who looked after the selling of the coal, and who helped to negotiate the contract. We think there was sufficient evidence that they were actually authorized to represent the defendant in an agreement to annul the contract, or at all events that this was within the apparent scope of their authority—that the situation was such as to justify the plaintiff in treating with them on that basis, and that there was also some evidence that they agreed to the cancellation. There was evidence that the Pittsburg agent had told representatives of the plaintiff that he couldn't sell a pound of the coal and the plaintiff would have to get somebody else to dispose of it; and that the Kansas City agent told them the defendant was unable to sell the coal and that

Bugg v. Insurance Co.

the plaintiff would have to look elsewhere to sell it, adding—"we are through." The defendant claims that the testimony concerning what the Kansas City agent had said showed that he disclaimed authority to speak for the company. A part of it has a tendency in that direction, but there is room for interpreting it as referring to a settlement covering the coal that had been delivered.

Objections were made to the admission of much of the evidence introduced in behalf of the plaintiff, but largely upon grounds covered by what has already been said.

The essential matter in controversy was whether the fact the contract was not carried out was due to the fault of the plaintiff or to that of the defendant. The jury were instructed in substance that the defendant should recover damages if the plaintiff had violated the contract. They manifestly believed the testimony of the plaintiff's witnesses in this regard and rejected the version given by those of the defendant. We find no error that was likely to affect the decision of this question and conclude that the verdict should stand.

The judgment is affirmed.